Nicholas J. Neidzwski, ABA No. 1805040
BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, WA 98225
Telephone: (360) 671-6711
Fax: (360) 647-2943
Email: nick@boatlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GUYLAIN BULINDERA, | **IN ADMIRALTY** |
| Plaintiff, | |
| v. | Case No.: |
| CMA CGM SA THE FRENCH LINE, CMA CGM INTERNATIONAL SHIPPING CO PTE LTD, and JIAYANG INTERNATIONAL SHIP LEASE CO LTD, *in personam*, | **COMPLAINT FOR MARITIME PERSONAL INJURIES** |
| Defendants. | |

Plaintiff Guylain Bulindera ("Plaintiff"), by and through the undersigned counsel, alleges as follows:

1. This action for vessel negligence is brought under the admiralty and maritime law, as well as 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act. This Court has jurisdiction pursuant to 28 U.S.C. § 1333.

BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

2. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h). Plaintiff elects to try his action on the admiralty side of this District Court.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the subject accident and injuries to Plaintiff took place in Alaska.

4. At all material times, Plaintiff was and is a citizen of California. Plaintiff was and is a member of the ILWU Local 223 in Dutch Harbor, Alaska.

5. Defendant CMA CGM SA The French Line is a foreign limited company with its principal place of business in Marseille, France.

6. Defendant CMA CGM International Shipping Co Pte Ltd is a foreign limited company with its principal place of business in Singapore.

7. Defendant Jiayang International Ship Lease Co Ltd is a foreign limited company with its principal place of business in Marseille, France.

8. Based upon information and belief, defendants CMA CGM SA The French Line, CMA CGM International Shipping Co Pte Ltd, and Jiayang International Ship Lease Co Ltd, owned, operated, manned, controlled and/or managed the vessel CMA CGM VIRGINIA, IMO no. 9351139 (the "Vessel"), at material times. The Vessel was and is a Malta-flagged ocean-going container ship conducting business in Alaska, including Dutch Harbor, and elsewhere in the United States.

9. On or about August 20, 2020, the Vessel was docked in navigable waters in Dutch Harbor for cargo operations. Defendants or their agents had hired Plaintiff's

longshore gang to unload containers. At that time, Plaintiff suffered grievous injuries when he fell and struck a jagged hook protruding from a stanchion on the weather deck.

10. Said incident caused Plaintiff to suffer grievous injuries to, *inter alia*, his dominant right arm, hand, shoulder and back.

11. Under 33 U.S.C. § 905(b), Defendants owed Plaintiff a duty of reasonable care while Plaintiff was aboard the Vessel.

12. On or about August 20, 2020, while Plaintiff was aboard the Vessel discharging containers, Defendants negligently breached their duty in their capacity as vessel owner or owner *pro hac vice*, among other things, in:

    a. maintaining a latent and hidden hazard in the stanchion with the jagged hook;

    b. failing to warn Plaintiff of latent and hidden hazards, including the stanchion with the jagged hook;

    c. failing to provide a reasonably safe place for Plaintiff to perform his longshoring duties;

    d. failing to inspect and remove or mitigate the risk of harm from the stanchion with the jagged hook;

    e. otherwise failing to turn over the Vessel, including its equipment and appurtenances, in a reasonably safe condition for Plaintiff to perform his longshoring duties;

    f. failing to mitigate the hazard posed by the stanchion with the jagged hook Defendants knew or should have known Plaintiff was likely to confront in his work and endeavor to work through;

    g. failing to intervene for the protection of Plaintiff despite the Defendants' actual or constructive knowledge that the stanchion with the jagged hook posed an unreasonable risk of harm to Plaintiff and despite Defendants' knowledge that adequate measures were not

BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

being taken to protect Plaintiff from the hazard Defendants created or helped create;

    h.    failing to exercise reasonable care in the area of Plaintiff's work while it remained under the control of the Vessel's crew;

    i.    failing to exercise reasonable care for Plaintiff despite Defendants' active involvement in the cargo operations; and

    j.    in otherwise acting so negligently as causing or allowing the jagged hook to impale and lacerate Plaintiff's right arm and thereby twist and contort his shoulder as he fell to the deck, landing on his back.

13. As a direct and proximate result of Defendants' negligence, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and Plaintiff alleges upon information and belief that said injuries have resulted in some permanent disability to Plaintiff, all to his general damage according to proof.

14. As a further direct and proximate result of Defendants' negligence, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care, and treatment of said injuries, and Plaintiff alleges upon information and belief that he may require such services in the future. The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to him, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

15. As a further direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue in the future to suffer loss of income in a

presently unascertained sum, and Plaintiff prays for leave to insert the elements of damage in this respect when the same are finally determined.

**WHEREFORE**, plaintiff Guylain Bulindera prays for judgment against Defendants as follows:

1. For general damages according to proof;

2. For all expenses for health care providers, past and future, according to proof;

3. For all loss of income, past and future, according to proof;

4. For prejudgment interest according to general maritime law;

5. For Plaintiff's costs of suit incurred herein; and

6. For such other and further relief as this District Court in Admiralty deems just and fair.

DATED this 6th day of July, 2023.

        BOATLAW, LLP

        */s/ Nicholas J. Neidzwski*
        Nicholas J. Neidzwski, ABA No. 1805040
        Attorneys for Plaintiff

**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943